In the Matter of the Estate of SARAH TRACY CREIGHTON, Deceased.

Surrogate's Court, Bronx County, February 13, 1941.

*Edward E. Bianco,* for the administratrices.

*Jerome M. Hirsch* [*Charles A. Jacobs* of counsel], for the State Tax Commission.

HENDERSON, S. The administratrices appeal from the order assessing the estate tax herein on the ground that no deduction was allowed for amounts given and distributed to charitable beneficiaries, in violation of article 10-C of the Tax Law and in denial of due process of law to the appellants and those whom they represent.

The appraiser reported that the statutory notice of appraisal was duly given. This has not been denied. The ground of appeal that there has been a denial of due process of law is specious. It is overruled and dismissed.

In December, 1937, The Missionary Society of St. Paul the Apostle in the State of New York, a corporation of this State organized and operated exclusively for charitable and religious purposes, petitioned for the probate of a purported last will of the decedent and of her purported codicil thereto. Objections to the probate thereof were duly filed in March, 1938. An amended petition and an amended answer of two objectants were duly filed in March, 1939. The original of the alleged will has not been found. The executor allegedly named therein is a trust company. Under the alleged will and codicil, the proponent is named as the remainderman of two trusts, the conditional devisee of certain realty and the sole residuary legatee and devisee. If it takes under the alleged will and codicil the report of the estate tax appraiser and the order entered thereon are erroneous, for the value of its testamentary benefits was not deducted from the gross estate in computing the net estate as required by statute. (Tax Law, § 249-s, subd. 3.)

The decedent died a resident of Bronx county on August 13, 1937, and letters of administration were issued to the appellants on September 20, 1937. In October, 1938, an estate tax appraisal was directed upon the petition of one of the administratrices, and their return and schedules were thereupon filed with the appraiser. In Schedule K they reserved the right to claim a deduction for the gifts to the proponent if the alleged will and codicil were admitted to probate. In Schedule L they referred to the pending contested probate and separately listed the persons beneficially interested under intestacy and under the alleged will and codicil if admitted to probate.

During the protracted proceedings and prior to any trial of the issues raised by the various objections, the entire matter was disposed of amicably by an agreement of compromise which the court approved and sanctioned. On April 5, 1940, and pursuant to said agreement of compromise, a decree was entered which, *inter alia,* denied probate to the alleged will and the alleged codicil and directed the administratrices to pay the sum of $23,626.87 to the

proponent, and the sum of $25,750 to a trustee therein named. The remainder of this *inter vivos* trust is vested in the proponent. I understand that the sum so paid and the value of such remainder constitute the amount which the appellants claim should have been included as a charitable bequest in the deductions allowed by the appraiser and decreed by the court. Pursuant to said compromise agreement, it was also therein decreed that the surviving brother of the decedent was her sole distributee in intestacy and that the administratrices pay him the entire balance of the distributable estate remaining after making the other payments and deliveries therein directed.

The sole statutory authority for exempting from estate tax the money or the value of other property received by a religious or charitable corporation from or out of the estate of a decedent who died subsequent to August 31, 1930, is found in subdivision 3 of section 249-s of article 10-C of the Tax Law.

That statute provides that in determining the net estate for tax purposes there shall be deducted from the gross estate certain items now immaterial and " the amount of all bequests, legacies, devises, or transfers, * * * to or for the use of any corporation, * * * organized and operated exclusively for religious, charitable, * * * purposes."

Under our Statute of Descent and Distribution of intestate property (Dec. Est. Law, art. 3), there can be no bequest, legacy, devise or transfer to a corporation. Hence these words in the statute must refer solely to transfers to or for the uses therein prescribed, generating from decedents' wills or from non-testamentary acts of decedents which bring such transfers within the purview of article 10-C of the Tax Law. The purported testaments have been denied probate. No non-testamentary transfer by the decedent during his lifetime is involved in the matter before me. The amounts payable to the religious corporation under the decree do not flow from the decedent's will because there never is a will until some testamentary act is admitted to probate.

It is true that by virtue of the decree the administratrices must pay to and for the religious corporation, but the only authority for such decretal direction is the consent of the sole distributee to such payment as contained in the compromise agreement which he executed. That agreement, in so far as now material, was in effect an assignment of part of his distributive share of this intestate estate.

This remaining ground of appeal is also overruled and dismissed.

The tax heretofore assessed by the order in question will not be disturbed and such order is affirmed.

Settle order.